STATE OF LOUISIANA     PARISH OF FRANKLIN     5TH JUDICIAL DISTRICT

**CALDWELL BANK & TRUST COMPANY**     FILED: March 3, 2016

VS. NO. 44,548

BY: Alene Mayo

**THOMAS ALLEN DICKERSON**     DEPUTY CLERK OF COURT
**and TOUGH LUCK FARMS, INC.**

### PETITION TO FORECLOSE BY EXECUTORY PROCESS

The Petition of **CALDWELL BANK & TRUST COMPANY**, a Louisiana Banking Company, domiciled in Caldwell Parish, Louisiana, respectfully represents:

1.

Named Defendants herein are:

**THOMAS ALLEN DICKERSON**, a major domiciliary of Franklin Parish, Louisiana,

And,

**TOUGH LUCK FARMS, INC.**, a Louisiana Corporation, domiciled in Franklin Parish, Louisiana,

who are justly and truly indebted, in solido, to Petitioner in and for the sum of **ONE MILLION SEVENTY-NINE THOUSAND FIVE HUNDRED TWENTY-TWO AND 98/100 ($1,079,522.98) DOLLARS**, together with contractual interest thereon from February 29, 2016, attorney fees equal to 25% of the amount due, and all cost of these proceedings.

2.

Petitioner is the holder and owner for valuable consideration before maturity of a certain promissory note, executed by **THOMAS ALLEN DICKERSON**, payable to the order of Petitioner and more particularly described as follows, to-wit:

> That one certain Promissory Note from **THOMAS ALLEN DICKERSON** to **CALDWELL BANK & TRUST COMPANY** in the amount of TWENTY-SEVEN THOUSAND EIGHT HUNDRED SEVENTY-NINE and NO/100 ($27,879.00) DOLLARS, and dated September 6, 2013, bearing interest at the rate of 6.00% per cent per annum from date, payable on demand, or if no demand is made, payable in two (2) annual installments of $15,221.61 each, the first of said annual installments being due on the 5th day of September, 2014, and one of the remaining installments being due on the same day of each year thereafter, until paid.

{00159186.1 4266/327/TCOOPER} - tac

A true and correct copy of this note is annexed hereto as an exhibit and marked for identification as Plaintiff's **Exhibit P-1** and referred to hereinafter as "Note-1".

3.

Petitioner is the holder and owner for valuable consideration before maturity of a certain promissory note, executed by **TOUGH LUCK FARMS, INC.**, payable to the order of Petitioner and more particularly described as follows, to-wit:

> That one certain Promissory Note from **TOUGH LUCK FARMS, INC.** to **CALDWELL BANK & TRUST COMPANY** in the amount of ONE MILLION ONE HUNDRED FIFTY-EIGHT THOUSAND EIGHT HUNDRED SIXTY-FOUR and 02/100 ($1,158,864.02) DOLLARS, and dated April 2, 2014, bearing interest at a variable rate as defined in the Promissory Note with the index on the dated of signing being 10.00% per cent per annum, payable on demand, or if no demand is made, payable in one (1) payment of all principal plus all accrued interest on December 1, 2014.

A true and correct copy of this note is annexed hereto as an exhibit and marked for identification as Plaintiff's **Exhibit P-2** and referred to hereinafter as "Note-2".

4.

Petitioner is the holder and owner for valuable consideration before maturity of a certain promissory note, executed by **TOUGH LUCK FARMS, INC.**, payable to the order of Petitioner and more particularly described as follows, to-wit:

> That one certain Promissory Note from **TOUGH LUCK FARMS, INC.** to **CALDWELL BANK & TRUST COMPANY** in the amount of SIX HUNDRED THIRTY-FIVE THOUSAND ONE HUNDRED TWENTY-THREE and 85/100 ($635,123.85) DOLLARS, and dated November 6, 2014, bearing interest at the rate of 5.00% per cent per annum from date, payable on demand, or if no demand is made, payable in one (1) payment of all principal plus all accrued interest on July 15, 2015, with interest being further adjusted upon default, all as set forth in the Note.

A true and correct copy of this note is annexed hereto as an exhibit and marked for identification as Plaintiff's **Exhibit P-3** and referred to hereinafter as "Note-3".

5.

In order to secure the payments of all sums due, **THOMAS ALLEN DICKERSON** executed a Commercial Security Agreement dated September 6, 2013, wherein **THOMAS ALLEN DICKERSON** did specially mortgage, affect, and hypothecate unto and in favor of **CALDWELL BANK & TRUST COMPANY**, to secure payment of all sums due Bank the following described property, to-wit:

**2005 Clement, SN SC2BB26B85M004693**

A true and correct copy of this Consumer Security Agreement is annexed hereto as Petitioner's **Exhibit P-4**. The Certificate of Title showing Petitioner as the first lien holder on the above described property is attached hereto as Petitioner's **Exhibit P-5**.

6.

In order to secure the payments of all sums due, **TOUGH LUCK FARMS, INC.** executed a Agricultural Security Agreement dated April 2, 2014, wherein **TOUGH LUCK FARMS, INC.** did specially mortgage, affect, and hypothecate unto and in favor of **CALDWELL BANK & TRUST COMPANY**, to secure payment of all sums due Bank the following described property, to-wit:

> **All Crops and Farm Products**
> **All Equipment and Farm Equipment whether now owned or hereinafter acquired**

A true and correct copy of this Agricultural Security Agreement is annexed hereto as Petitioner's **Exhibit P-6**. A true and correct copy of the original UCC-1F recorded at 21174684-UC and UCC Financing Statement recorded at 21174683-UC showing Petitioner as the first lien holder on the same is attached hereto as Petitioner's **Exhibit P-7** and **Exhibit P-8**, respectively.

7.

In order to secure the payments of all sums due by **TOUGH LUCK FARMS, INC.** to Petitioner, including but not limited to Note – 2 and Note – 3, Defendant, **THOMAS ALLEN DICKERSON** executed multiple Commercial Guaranty Agreements dated April 2, 2014, and November 6, 2014, wherein **THOMAS ALLEN DICKERSON** guaranteed all sums due by **TOUGH LUCK FARMS, INC.** to **CALDWELL BANK & TRUST COMPANY**. A true and correct copy of these Commercial Guaranty Agreements are annexed hereto as Petitioner's **Exhibit P-9** and **Exhibit P-10.**

8.

In the Consumer Security Agreements and/or notes, Defendants agreed that the property described therein would remain specifically mortgaged, affected, and hypothecated in favor of **CALDWELL BANK & TRUST COMPANY** until the full and final payment thereof, in principal, in interest and attorney's fees, taxes and costs, and Defendant bound and obligated himself to not sell, alienate or encumber the property to the prejudice of the security interest granted Petitioner therein.

9.

In the Consumer Security Agreements and/or Notes Defendants confessed judgment, consented that if the same was not paid in accordance with the terms, conditions and stipulations of the Consumer Security Agreements, and/or Notes said mortgaged property could be seized and sold under executory process for cash and without benefit of appraisement.

10.

Under the terms of the Consumer Security Agreements and/or Notes, Defendants further agreed to pay 25% of the amount due as attorney's fees in the event of suit for collection of the notes, together with all such costs, charges and expenses incurred in the event of non-payment of the notes at its maturity, or in the case it should be necessary to place the notes in the hands of an attorney for collection, suit or otherwise.

11.

In the Consumer Security Agreements and/or Notes, Defendants further agreed and stipulated that if the notes or any installment thereon be not promptly and fully paid when due, or in the event of failure to comply with any of the obligations therein undertaken or conditions therein set forth, the notes should, at the option of the holder of the notes, at once mature and become due and payable, and authorized the then holder of the notes without making a demand and without notice or putting in default, the same being expressly waived, to cause the property herein above described to be seized and sold, after due process of law, under executory or other legal process.

12.

Defendants, **THOMAS ALLEN DICKERSON** and **TOUGH LUCK FARMS, INC.,** have failed to pay the installments due on Note-1, Note-2 and Note-3 as required by the terms and conditions of the Notes and Consumer Security Agreements despite amicable demand from Petitioner.

13.

There remains a balance due and owing on Note 1, Note 2 and Note 3 after granting credit for all payments made and rebate for unearned interest, the sum of **ONE MILLION SEVENTY-NINE THOUSAND FIVE HUNDRED TWENTY-TWO AND 98/100 ($1,079,522.98) DOLLARS,** as of February 29, 2016.

14.

Petitioner has exercised its option as holder of the notes and declares the balance of the notes, including principal, interest and attorney's fees, due and payable.

15.

Petitioner desires that the mortgaged property be appraised prior to sale and sold under benefit of appraisement, in order to protect and preserve petitioner's right to secure a deficiency judgment against the Defendant.

16.

Pursuant to Mortgages, Pledges and other security agreements all Defendants have agreed that **BANK** can be appointed Keeper and accordingly, Petitioner request that **BANK** be appointed Keeper of the items seized pending sale.

WHEREFORE, THE PREMISES AND ANNEXED DOCUMENTS CONSIDERED, PETITIONER PRAYS for an Order of Executory Process herein, and that a Writ of Seizure and Sale issue herein directing the Sheriff for the Parish of Franklin, Louisiana, to seize and sell after due advertisement, delays, requisites, and formalities, the property hereinabove described, according to law, for cash, with appraisement, to pay and satisfy the claim of Petitioner, the sum of **ONE MILLION SEVENTY-NINE THOUSAND FIVE HUNDRED TWENTY-TWO AND 98/100 ($1,079,522.98) DOLLARS**, together contractual interest from February 29, 2016, reasonable attorney's fees in the amount of 25% of principal and interest due, and for all costs of these proceedings; that Petitioner be appointed as Keeper of the items seized pending sale; and that out of the proceeds of the sale, Petitioner be paid the amount of its claim in preference to and priority over all other persons.

{00159186.1 4266/327/TCOOPER} - tac

      PETITIONER PRAYS FURTHER for all Orders and Decrees and all legal and equitable relief, necessary in the premises.

      Respectfully submitted,

MIXON, CARROLL & FRAZIER, LLC
P. O. Drawer 1619
Columbia, LA 71418
(318) 649-9284 -- Phone
(318) 649-0277 -- Fax
jmixon@mixoncarroll.com
jcarroll@mixoncarroll.com
bfrazier@mixoncarroll.com
rrahimc@mixoncarroll.com

_/s/_

JAMES E. MIXON, LSB# 10358
JAMES L. CARROLL, LSB# 28322
BRIAN E. FRAZIER, LSB# 30509
ROSSANNA RAHIM MCILWAIN, LSB#36633

PLEASE SERVE:

**THOMAS ALLEN DICKERSON**
899 Hwy. 858
Delhi, LA 71232

**TOUGH LUCK FARMS, INC.**
**Through its Agent for Process**
**THOMAS ALLEN DICKERSON**
899 Hwy. 858
Delhi, LA 71232

**Grain (Rice) being seized is located at:**

**Tensas River Plantation (Chicago Mills)**
in Franklin Parish, 221 Hwy 572
9 Bins (Bins A-F, AA, BB, and CC)

353 Hwy 183 (Caston Road)
Richland Parish,
Holly Ride, LA
(1 bin)