UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **CALDWELL BANK & TRUST COMPANY** | § | CIVIL ACTION NO. 3:16-cv-0403 |
| | § | |
| **VERSUS** | § | JUDGE JAMES |
| | § | |
| **THOMAS ALLEN DICKERSON AND** | § | |
| **TOUGH LUCK FARMS, INC.** | § | MAGISTRATE JUDGE HAYES |

## COMPLAINT OF INTERVENTION

NOW INTO COURT, through undersigned counsel, comes COMMERCIAL CAPITAL BANK, a Louisiana banking corporation, having its main office in Delhi, Louisiana, and respectfully represents:

1.

In this lawsuit, Plaintiff, CALDWELL BANK AND TRUST COMPANY, seeks, through the use of executory process, the seizure and sale of farm equipment owned by TOUGH LUCK FARMS, INC. as well as the seizure and sale of harvested crops currently stored at Tensas River Plantation (Chicago Mills) owned by TOUGH LUCK FARMS, INC.

2.

Plaintiff asserts it has a security interest in the seized property as a result of an Agricultural Security Agreement dated April 2, 2014, securing repayment of a debt owed by TOUGH LUCK FARMS, INC. to Plaintiff. That security interest attached to the farm equipment and the crops with the April 3, 2014 filing of a UCC-1F, ostensibly covering all crops and farm products grown by TOUGH LUCK FARMS, INC., and a UCC-1, ostensibly covering all equipment and farm equipment then owned or later acquired by TOUGH LUCK FARMS, INC.



3.

Intervenor is the holder of the following Promissory Notes:

(1.) Promissory Note, dated September 5, 2013, in the principal sum of $61,017.67, bearing interest on the unpaid principal balance at the rate of 7.5% per annum from date until paid, maturing on July 1, 2016, executed on behalf of TOUGH LUCK FARMS, INC. by THOMAS A DICKERSON, President of TOUGH LUCK FARMS, INC., which Promissory Note presently has a balance of $21,723.96 in principal, together with interest accrued through April 8, 2016, in the amount of $1,478.20, interest thereafter at the rate of 7.5% per annum until paid, reasonable attorney's fees and all costs of these proceedings. A copy of the Promissory Note is attached hereto as Exhibit "1";

(2.) Promissory Note, dated June 13, 2014, in the principal sum of $39,781.50, bearing interest on the unpaid principal balance at the rate of 7.5% per annum from date until paid, maturing on December 15, 2016, executed on behalf of TOUGH LUCK FARMS, INC. by THOMAS A DICKERSON, President of TOUGH LUCK FARMS, INC., which Promissory Note presently has a balance of $26,766.94 in principal, together with interest through April 8, 2016, in the amount of $477.20, interest thereafter at the rate of 7.5% per annum until paid, reasonable attorney's fees and all costs of these proceedings. A copy of the Promissory Note is attached hereto as Exhibit "2";

(3.) Promissory Note, dated February 2, 2015, in the principal sum of $26,653.00, bearing interest on the unpaid principal balance at the rate of 7.5% per annum from date until paid, maturing on December 15, 2017, executed on behalf of TOUGH LUCK FARMS, INC. by THOMAS A DICKERSON, President of TOUGH LUCK FARMS, INC., which Promissory Note presently has a balance of $15,313.33 in principal, together with interest accrued through April 8, 2016, in the amount of $470.51, interest thereafter at the rate of 7.5% per annum until paid, reasonable attorney's fees and all costs of these proceedings. A copy of the Promissory Note is attached hereto as Exhibit "3";

(4.) Promissory Note, dated September 17, 2015, in the principal sum of $37,701.50, bearing interest on the unpaid principal balance at the rate of 7.5% per annum from date until paid, maturing on September 17, 2018, executed on behalf of TOUGH LUCK FARMS, INC. by THOMAS A DICKERSON, President of TOUGH LUCK FARMS, INC., which Promissory Note presently has a balance of $28,712.16 in principal, together with interest accrued through April 8, 2016, in the amount of $1,548.81, interest

thereafter at the rate of 7.5% per annum until paid, reasonable attorney's fees and all costs of these proceedings. A copy of the Promissory Note is attached hereto as Exhibit "4".

4.

The indebtedness owing Intervenor by TOUGH LUCK FARMS, INC. is secured by a Commercial Security Agreement, a copy of which is attached hereto as Exhibit "5", dated July 18, 2006, executed by THOMAS A DICKERSON, President of TOUGH LUCK FARMS, INC., covering and affecting all farm equipment then owned or thereafter acquired by TOUGH LUCK FARMS, INC. A UCC-1 was duly recorded on July 20, 2006 and was continued on July 12, 2011.

5.

The indebtedness owing Intervenor by TOUGH LUCK FARMS, INC. is further secured by the personal guaranty of THOMAS A. DICKERSON as evidenced by the Continuing Guarantees of various dates attached hereto, *in globo*, as Exhibit "6."

6.

Because the properly perfected security interest of Intervenor primes the later perfected security interest of Plaintiff in the farm equipment owned by TOUGH LUCK FARMS, INC., Intervenor is entitled to priority in payment of all proceeds of the Sheriff's sale of the farm equipment seized herein currently scheduled for March 30, 2016.

7.

The debts owed to Intervenor by the Defendants are further secured by other collateral, not part of this seizure, and Intervenor desires to reserve its rights to proceed to have its security interests recognized and enforced against all other collateral pledged to it in a future proceeding.

8.

Intervenor further shows the Court that THOMAS A. DICKERSON performed farming operations in multiple parishes in the name of several entities in addition to TOUGH LUCK FARMS, INC. These other entities include DICKERSON FARMS, INC. and RADAR RIDGE PLANTING CO., INC.

9.

Intervenor has a valid security interest in farm products produced by DICKERSON FARMS, INC. and RADAR RIDGE PLANTING CO., INC. which farm products are pledged to Intervenor to secure the repayment of debts owed to Intervenor by DICKERSON FARMS, INC. and RADAR RIDGE PLANTING CO., INC.

10.

Intervenor asserts on information and belief that all or part of the farm products seized in this matter as belonging to TOUGH LUCK FARMS, INC. located at Tensas River Plantation (Chicago Mills) are, in fact, the property of DICKERSON FARMS, INC. and/or RADAR RIDGE PLANTING CO., INC. and in which Intervenor has a security interest.

11.

Intervenor requests that the Court order that a sample of the grain be taken from each bin prior to the sale and be held by agreement of the parties.

WHEREFORE, INTERVENOR, COMMERCIAL CAPITAL BANK, PRAYS as follows:

(1.) For leave of Court to file this Petition of Intervention;

(2.) A sample of the crops to be sold from each bin be obtained prior to the sale and to maintain that sample by agreement of the parties or pending further Order of this Court;

(3.) The United States Marshall be ordered to hold the proceeds of the judicial sale of all farm equipment belonging to TOUGH LUCK FARMS, INC. and all crops seized in this matter subject to the further Order of this Court;

(4.) Intervenor's priority security interest in the above-described equipment be recognized as priming the security interest of Plaintiff and that out of the proceeds of the judicial sale of the equipment Intervenor be paid the amount necessary to satisfy the indebtedness secured thereby with preference and priority over Plaintiff;

(5.) The ownership of the crops seized in this matter be determined and the proceeds of the judicial sale of the crops be distributed in accordance with the ownership interests;

(6.) For an Order from this Court reserving unto it all of its rights to proceed against any other collateral securing the repayment of the debt owed by Defendants; and

(7.) For all general and equitable relief to which it may be entitled.

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.

BY:    s/Joseph S. Woodley
      L. David Cromwell, Bar Roll No. 1799
      Joseph S. Woodley, Bar Roll No. 19228

400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
(318) 221-1800 Telephone
(318) 226-0390 Facsimile

ATTORNEYS FOR COMMERCIAL CAPITAL BANK