# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | | |
|---|---|---|
| **CALDWELL BANK & TRUST CO.** | ) | **CIVIL ACTION No. 3:16-cv-0403** |
| | ) | |
| **VERSUS** | ) | **JUDGE: JAMES** |
| | ) | |
| **THOMAS ALLEN DICKERSON and** | ) | **MAGISTRATE JUDGE: HAYES** |
| **TOUGH LUCK FARMS, INC.** | ) | |

### ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes **CALDWELL BANK & TRUST CO. ("BANK")**, a Louisiana Banking Corporation, domiciled in Caldwell Parish, Louisiana, who, in response to the Complaint for Declaratory Judgment filed by the United States of America, by and through Stephanie A. Finley, United States Attorney for the Western District of Louisiana and Cristina Walker, Assistant United States Attorney on behalf of the Farm Service Agency, United States Department of Agriculture, respectfully represents:

1.

Bank admits that to the extent that the United States of America may have a security interest in the rice stored in the bins described in the Complaint for Declaratory Judgment that jurisdiction is with this Court pursuant to 28 U.S.C. § 1345, and that the Complaint for Declaratory Judgment relates to rights of the United States and the United States Department of Agriculture ("USDA") "Marketing Assistance Loan Program" 7 U.S.C. § 7231, et seq. and the statutes impending regulations at 7 C.F.R. Part 1421, Subpart B – Marketing Assistance Loans.

2.

Bank is without information sufficient to admit or deny the allegations of Paragraph 2. However, in further response to the allegations of Paragraph 2, Bank requests strict proof to establish that the rice in the bins which is the subject of the Complaint for Declaratory Relief belonged to Radar Ridge Planting, Dickerson Ag Partnership, and/or B & T Farms.

3.

Bank neither admits nor denies the allegations of Paragraph 3. However, in further response to the allegations of Paragraph 3, Bank represents that should the rice which is the subject of these proceedings be the rice of any entity other than Radar Ridge Planting, Dickerson Ag Partnership and/or B & T Farms that the same is not subject to the security interest asserted.

4.

Bank is without information sufficient to admit or deny whether or not Radar Ridge Planting Company granted to FSA a security interest in a 2015 crop on 10/07/2015 under UCC original file number 21 – 178117.  Bank is without information sufficient to admit or deny that the rice referred to is rice belonging to Radar Ridge Planting Co.

5.

Bank is without information sufficient to admit or deny whether or not Dickerson Ag Partnership granted to FSA a security interest in a 2015 crop on 1/05/2016 under UCC original file number 42 – 210330Bank is without information sufficient to admit or deny that the rice referred to is rice belonging to Dickerson Ag Partnership.

6.

Bank is without information sufficient to admit or deny whether or not B & T Farms, LLC granted to FSA a security interest in a 2015 crop on 1/14/2016 under UCC original file number 21 – 178698.  Bank is without information sufficient to admit or deny that the rice referred to is rice belonging to B & T Farms, LLC.

7.

The filing of the UCC-1Fs referred to in Paragraph 7 is admitted.  In further response to the allegations of Paragraph 7, Bank neither admits nor denies that the rice at issue in these proceedings was rice belonging to Dickerson Ag Partnership, Radar Ridge Planting Co., Inc., and/or B & T Farms, LLC.

8.

In response to the allegations of Paragraph 8, Bank is without sufficient information to determine whether or not a security interest in the rice at issue in these proceedings may be claimed for others and acknowledges that it is necessary for the Court to hear whether or not the rice is in fact 2015 rice and/or rice attributable to Radar Ridge Planting Co., Inc., Dickerson Ag Partnership, and/or B & T Farms, LLC.

9.

In response to the allegations of Paragraph 9, Bank admits that it has an interest in rice produced by Thomas Allen Dickerson and Tough Luck Farms, Inc. on the 2014 crop pursuant to a UCC-1F recorded at 21-174684 and a UCC financing statement recorded at 21-174683 wherein Bank was granted a security interest in the 2014 crop of Thomas Allen Dickerson and Tough Luck Farms, Inc.  Accordingly, to the extent that the rice at issue in these proceedings is rice attributable to the 2014 crop, Bank has a security interest in the same.  Bank does not claim a security interest in the rice attributable to the 2015 crop.

10.

Bank is without information sufficient to admit or deny the allegations of Paragraph 10.

11.

Bank is without information sufficient to admit or deny the allegations of Paragraph 11.

12.

Bank is without information sufficient to admit or deny the allegations of Paragraph 12.

13.

The allegations of Paragraph 13 are denied to the extent that rice at issue is attributed to any crop year other than the 2015 crop and/or is attributable to entities other than Radar Ridge Planting, Co., Inc., Dickerson Ag Partnership and/or B & T Farms, LLC.

14.

Bank is without information sufficient to admit or deny the allegations of Paragraph 14. However, in response to the allegations of Paragraph 14, Bank represents that Thomas Dickerson has also represented to Bank that the rice stored in the bins at Angelina Ag is rice from the 2014 crop in which Bank has a security interest in.

15.

In response to Paragraph 15, Bank represents that the allegations therein are only applicable to the extent that the rice at issue in these proceedings is rice belonging to Radar Ridge Planting Co., Inc., Dickerson Ag Partnership and/or B & T Farms, LLC. and its funds are attributable to the 2015 crop.

16.

Bank is without information sufficient to admit or deny the allegations of Paragraph 16.

17.

The allegations of Paragraph 17 are denied.

WHEREFORE, **CALDWELL BANK & TRUST CO.** prays that a determination be made as to the entity which produced the rice stored in the bins at issue and a determination be made as to the crop year which the rice stored in the bins at issue in these proceedings was generated from.

**CALDWELL BANK & TRUST CO.** further prays for any and all other just and equitable relief.

Respectfully submitted,

**MIXON, CARROLL & FRAZIER, PLLC**

P. O. Drawer 1619
Columbia, LA  71418
(318) 649-9284 – Phone
(318) 649-0277 – Fax
jmixon@mixoncarroll.com
jcarroll@mixoncarroll.com
bfrazier@mixoncarroll.com
rrahimc@mixoncarroll.com


  /s/ James E. Mixon
JAMES E. MIXON, LSB# 10358
JAMES L. CARROLL, LSB# 28322
BRIAN E. FRAZIER, LSB# 30509
ROSSANNA RAHIM MCILWAIN, LSB#36633
Attorneys for **CALDWELL BANK & TRUST CO.**



## CERTIFICATE OF SERVICE

I certify that a copy of the Answer to Complaint for Declaratory Judgment has been sent by U.S. Mail, postage prepaid to Stephanie A. Finley, United States Attorney, Western District of Louisiana, 300 Fannin St., Suite 3201, Shreveport, Louisiana 71101-3068 and Cristina Walker, Assistant United States Attorney, Western District of Louisiana, 300 Fannin St., Suite 3201, Shreveport, Louisiana 71101-3068.

Columbia, Louisiana, this 4th day of May, 2016.



/s/ James E. Mixon
OF COUNSEL